23910

The STATE, Respondent v. Ronald Moore WILSON and
Teresa Ann Wilson, Appellants.

(433 S.E. (2d) 864)

Supreme Court

*Douglas S. Strickler,* Columbia, *for appellants.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Cameron Currie, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Heard Jan. 6, 1993; Decided July 19, 1993.

Reh. Den. Aug. 17, 1993.

TOAL, Justice:

Appellants, Ronald Monroe Wilson and Teresa Ann Wilson, were convicted and sentenced for conspiring to traffic in cocaine, conspiring to traffic in marijuana, and trafficking in cocaine under an indictment returned by the State Grand Jury. We affirm the conspiracy counts and vacate the substantive trafficking conviction.

On December 12, 1989, the State Grand Jury indicted Appellants and several other individuals in Count One of an indictment under S.C. Code Ann. §§ 44-53-370(e)(2)(e) (Supp. 1992), alleging that beginning in 1982 and continuing to the date of the indictment, Appellants knowingly, unlawfully, and

willfully conspired, confederated, agreed, and had a tacit understanding with each other and/or with other persons for the purpose of selling, delivering, or bringing into this state, or providing delivery or bringing into this state, or the knowing actual or constructive possession of more than 400 grams of cocaine in several counties in the State of South Carolina. Count Two was identical except the conspiracy was alleged to have begun in 1979 and involved marijuana in violation of S.C. Code Ann. § 44-53-370(e)(1)(b) (Supp. 1992). Several other defendants were named in the marijuana conspiracy.

Count Six of the same indictment alleged Appellants and two other individuals in Richland County violated section 44-53-370 by selling, delivering, or bringing into this state or providing financial assistance or otherwise aiding or abetting the sale or delivery or bringing into this state or by knowingly being in actual or constructive possession of more than ten grams of cocaine on about November 22, 1989.

Appellants made pretrial motions as to Counts One, Two, and Six, including a motion to quash the indictments which the trial court denied. Appellants were convicted of conspiring to traffic in cocaine, 28 grams or more but less than 100 grams. Appellants were convicted as charged on Counts Two and Six. Appellants appeal their convictions on all three counts.

### SUBJECT MATTER JURISDICTION

Appellants first allege the trial court erred in denying their motion to quash Count Six on the ground that it contained insufficient information to establish subject matter jurisdiction of the State Grand Jury. We agree.

The State Grand Jury was created to improve the State's ability to "detect and eliminate" multicounty criminal activity. S.C. Code Ann. 14-7-1610 (Supp. 1992). To this end, the Grand Jury has statewide authority but its jurisdiction is limited to certain offenses. S.C. Code Ann. § 14-7-1630(A) (Supp. 1992). Furthermore, its jurisdiction over some enumerated offenses is limited to those which "are of a multi-county nature or have transpired or are transpiring or have significance in more than one county of this State." S.C. Code Ann. § 14-7-1630(A)(1) (Supp. 1992).

Facts supporting the Grand Jury's jurisdiction must be set forth in the indictment. *State v. McIntire*, 221 S.C. 504, 71 S.E. (2d) 410 (1952). We hold Count Six is fatally defective in that it alleges an offense occurring in Richland County and fails to allege that the offense charged has significance in other counties as multicounty impact is necessary to establish jurisdiction of the State Grand Jury. *See McNamara v. State*, 357 So. (2d) 410 (Fla. 1978). Accordingly, we vacate the convictions and sentences of the Appellants on Count Six. In so doing, we stress the State Grand Jury may properly return an indictment alleging a single-county offense. However, such a charge conveys subject matter jurisdiction only when the offense has multicounty significance and the indictment contains this allegation.

## EX POST FACTO PROHIBITIONS

The Constitutions of the United States and of South Carolina specifically prohibit the passage of *ex post facto* laws. U.S. Const. art. 1, § 10; S.C. Const. art. 1, § 4. For a law to fall within *ex post facto* prohibitions, two critical elements must be present. First, the law must be retrospective so as to apply to events occurring before its enactment. Second, the law must disadvantage the offender affected by it. *State v. Huiett*, 302 S.C. 1690, 394 S.E. (2d) 486 (1990) [quoting *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed. (2d) 17 (1981)].

Appellants argue that the specific crime of trafficking in marijuana by conspiracy was not created until 1981, which was after the conspiracy alleged in Count Two came into existence. Therefore, they claim the count should have been quashed as it violated their *ex post facto* rights by punishing them for acts which were not prohibited at the time they were committed. We disagree. A conspiracy is a combination or agreement between two or more persons for the purpose of accomplishing a criminal or unlawful object, or achieving by criminal or unlawful means an object that is neither criminal nor unlawful. S.C. Code Ann. § 16-17-410 (1985); *State v. Ameker* 73 S.C. 330, 53 S.E. 484 (1906). The essence of a conspiracy is the agreement. *State v. Dasher*, 278 S.C. 454, 298 S.E. (2d) 215 (1982). It may be proven by the specific overt acts done in furtherance of the conspiracy but the crime is the agreement. Conspiracy is an ongoing or continuing

crime. *United States v. Sheffer*, 896 F. (2d) 842 (4th Cir. 1990), *cert. denied*, 498 U.S. 968, 111 S.Ct. 432, 112 L.Ed. (2d) 416 (1990). A conspiracy which commenced prior to and without cessation continued beyond the effective date of a new statute does not violate the *ex post facto* prohibition. *Id.* The indictment alleged a conspiracy which continued through 1989. Accordingly, the trial court did not err in refusing to quash Count Two of the indictment.

■ Appellants further point out the sentences for trafficking have been enhanced over the duration of this conspiracy. Therefore, they argue both Counts One and Two should have been quashed. We disagree for the reasons given above. Further, we point out an *ex post facto* sentence would not affect the validity of an indictment.

## THE "SAVING CLAUSE"

■ Next, Appellants contend the court erred in permitting prosecution to proceed on Counts One and Two of the indictment in violation of the terms of the "saving clause" of Act No. 565, Section 2, 1988 S.C. Acts 4903 (the Act). The Act became effective July 1, 1988, and amends the punishment for enumerated drug offenses so as to raise and increase the penalties for trafficking in certain drugs. Section 2 of the Act provides:

> All proceedings pending and all rights and liabilities existing, acquired, or incurred at the time this act takes effect are saved and may be consummated according to the law in force when they are commenced. This act may not be construed to affect any prosecution pending or begun before the effective date of this act.

Act No. 565, Section 2, 1988 S.C. Acts at 4908. As noted above, the conspiracies were alleged to have continued after the effective date of this statute. Accordingly, the Saving Clause is inapplicable.

## SCOPE OF CONSPIRACY

■ Appellants argue that the trial court erred in allowing the State to add the quantity of drugs involved in various separate substantive offenses to determine the amount necessary to meet the statutory definition of conspir-

ing to traffic and in setting the appropriate penalty. S.C. Code Ann. § 44-53-370(e) (Supp. 1992). We disagree.

First, we point out the applicable statute as amended created statutory offenses for conspiring to sell, manufacture, cultivate, deliver, purchase, or bring into this state ten pounds or more of marijuana and ten grams or more of cocaine. S.C. Code Ann. § 44-53-370(e)(1) and (2) (Supp. 1992). Violations are known as "trafficking in marijuana" and "trafficking in cocaine," respectively. The precise quantity of drugs involved over and above the ten pounds of marijuana or ten grams of cocaine is pertinent, not to the classification of trafficking, but to the minimum penalty proscribed. *Id.*

Again, Appellants' argument misconstrues the purpose of admitting evidence of the separate substantive offenses in a conspiracy trial. The overt acts committed in furtherance of the conspiracy are not elements of the crime.[1] Under South Carolina law, a conspiracy does not require overt acts. *State v. Ferguson*, 221 S.C. 300, 70 S.E. (2d) 355, *cert. denied*, 344 U.S. 830, 73 S.Ct. 35, 97 L.Ed. 646 (1952). The crime of conspiracy is the agreement or mutual understanding. *Ameker, supra.* The substantive crimes committed in furtherance of the conspiracy constitute circumstantial evidence of the existence of the conspiracy, its object, and scope. *State v. Amerson*, 428 S.E. (2d) 871 (S.C. Sup. Ct. 1993). The State is entitled to prove "the whole history of the conspiracy, from its commencement to its conclusion," as well as overt acts done in furtherance of the conspiracy since from those overt acts, "an inference may be drawn as to the existence and object of the conspiracy." *State v. Hightower*, 221 S.C. 91, 69 S.E. (2d) 363 (1952). Further, the State is permitted great latitude in the introduction of circumstantial evidence. *Id.* Accordingly, we find no error in using evidence of the amount of drugs involved in various transactions as proof of the scope of the conspiracy for the purpose of establishing the elements of the crime of conspiring to traffic under S.C. Code Ann. § 44-53-370(e)(1) & (2) (Supp. 1992).[2]

---

[1] The dissent acknowledges that evidence of the amount of drugs involved in various transactions can be used to prove a common law conspiracy but nevertheless maintains the same evidence may not be used to establish the necessary quantity of drugs to qualify as the statutory crime of trafficking by conspiracy and to set the appropriate sentence. This position is inconsistent and illogical.

[2] The dissent frames one of the issues as whether the trial judge erred in

## ADMISSION OF EVIDENCE
## ON FIREARMS

Last, Appellants allege the trial court erred in admitting testimony regarding their possession of firearms.

Appellants contend the prejudicial effect of such testimony outweighed any probative value in that it raised the implication that they were "bad" persons and improperly placed their characters in issue.

In overruling Appellants' objection, the trial court noted that illegal weapons generally are connected to illicit drug operations, and evidence that weapons were in the possession of Appellants could have probative value to show motive and intent. As we held in *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987), evidence of weapons may be relevant to show intent in a drug prosecution. Thus, the evidence was properly admitted.

For the foregoing reasons, we affirm Appellants' convictions for conspiring to traffic in Counts One and Two. Appellants' convictions and sentences on Count Six of the indictment for trafficking in cocaine are vacated for lack of subject matter jurisdiction.

Affirmed in part and vacated in part.

HARWELL, C.J., and CHANDLER and MOORE, JJ., concur.

FINNEY, J., dissents in separate opinion.

FINNEY, Justice (dissenting):

I respectfully dissent. In my opinion, the majority unnecessarily expands the use of evidence of drug transactions in proving a conspiracy. I readily agree that evidence of the

---

not granting Appellant's request for a special interrogatory delineating which of the various transactions were used by the jury to establish the crime. We have rendered no opinion on whether a special interrogatory should have been given to the jury. The appellants did not properly raise the failure to give a special interrogatory as an exception; therefore, the issue is not properly before this Court. *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1989) (under former appellate rules also applicable to the case at bar).

Finally, the dissent expresses a concern that the same drugs may be used several times to raise a multistep transaction involving a small quantity of drugs into a trafficking offense. The evidence does not support even an inference that this was done in this case.

amount of drugs involved in various transactions can be used to prove a conspiracy; however, I disagree that the identical evidence serves the purpose of establishing the elements of the crime of conspiracy to traffic.

Initially, it must be remembered that the appellants were indicted for conspiracy to traffic, not trafficking by conspiracy. Therefore the use at trial of evidence of substantive offenses never should have had the intended purpose of proving the "crime of trafficking by conspiracy." The majority's erroneous analysis is compounded by my belief that the trafficking statute did not create a new substantive offense, but simply established different levels of punishment depending on the amount of drugs involved.

According to the majority, the evidence of separate substantive offenses may also be admitted for the express purpose of aggregating sums of drugs for purposes of punishment. Certainly such evidence may be admitted, but the majority ignores the thrust of the appellants' argument: whether the evidence of small individual transactions can be aggregated and admitted to prove that the agreement was to conspire in a large amount; and whether the trial judge erred in not granting appellants' request for a special interrogatory.

Again, there is a wide range of evidence that may be admitted to establish the existence and scope of the conspiracy, and under appropriate situations aggregating the amount of drugs presented by the evidence is proper. However, in my view, the jury must be aware that evidence which sufficiently proves that a drug conspiracy existed, is not necessarily the same evidence which determines the statutorily mandated level for trafficking. For example, three witnesses could testify that, pursuant to an agreement between the defendant and a third party, 1) defendant purchased 10 pounds of marijuana, 2) defendant sold 10 pounds of marijuana, and 3) defendant possessed 10 pounds of marijuana. While this evidence establishes a conspiracy between the parties, it does not establish that an agreement existed to traffic in 30 pounds of marijuana. Under the majority's analysis this situation could exist and be allowed to continue unfettered. While the jury has the latitude to judge and construct the evidence presented in any fashion they wish, they should not be allowed to float aimlessly. The special interrogatory moved for by appellants

would have provided a much needed rudder and greatly discouraged confusion by not permitting the jury to lose its focus on the *agreement;* the heart of any conspiracy.

For the foregoing reasons, I would hold that the trial judge abused his discretion in not granting appellants' motion for a special interrogatory, and that appellants' conviction and sentences on Counts One and Two should be reversed and remanded.