2388

The STATE, Respondent v. George Allen EVANS, Appellant.

(460 S.E. (2d) 578)

Court of Appeals

---

*Asst. Appellate Defender Robert M. Dudek, of S.C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Charles W. Gambrell, Jr., and Asst. Atty. Gen. Anne Hunter Young, Columbia, for respondent.*

Submitted June 6, 1995; Filed June 15, 1995.

Refiled Aug. 7, 1995; Cert. Grant. Aug. 24, 1995.

SHAW, Judge:

Appellant, George Allen Evans, was tried in his absence for one count of trafficking in cocaine under S.C. Code Ann. § 44-53-370(e)(2)(c). He was convicted as charged and sentenced to imprisonment for 25 years and fined $50,000. We find the charge failed to convey subject matter jurisdiction and therefore vacate the conviction.

On December 10, 1991, the State Grand Jury of South Carolina returned indictment number 91GS4722072 against appel-

lant for one count of trafficking in cocaine.[1] The indictment provided in pertinent part as follows:

TRAFFICKING IN COCAINE
S.C. Code Ann. Section 44-53-370(e)(2)(c)
That George Allen Evans . . . did in York County on November 14, 1991, knowingly sell or deliver to a confidential informant . . . a quantity of cocaine . . . in the amount of 140.94 grams, said activity having significance in more than one county of this State and such conduct not having been authorized by law.

The State presented evidence that appellant discussed selling cocaine to the confidential informant with one Marvin Hall. Hall testified that, following this discussion, he and appellant drove to a certain location where appellant exited the vehicle, entered some woods, and thereafter returned with a package of cocaine. Appellant gave the cocaine to Hall and instructed him to go forward with the transaction in case he was not available at the time. Hall observed the confidential informant's vehicle parked at appellant's place of employment, a garage, and retrieved the cocaine from a hiding place before returning to the garage. Upon arriving at the garage, appellant pointed Hall out to the confidential informant and told him that Hall would "take care of him." The confidential informant then left with Hall and the cocaine was exchanged for money at another location. Appellant was not present during the exchange. However, Hall testified it was appellant's cocaine and he was dealing on behalf of appellant. There is no evidence the cocaine was located in or impacted upon any other county than York prior to and during the drug deal.

On appeal, appellant asserts a failure of subject matter jurisdiction. He contends the State failed to show the offense affected any other county than York. We agree.

S.C. Code Ann. § 14-7-1630(A)(1) (Supp. 1994) provides in part:

---

[1] It appears from the record appellant was indicted on 8 separate charges and the State intended to proceed against appellant on indictment number 92GS4700030. However, appellant was apparently never served with indictment number 92GS4700030 and consequently, the State chose to go forward on indictment number 91GS4722072.

(A) The jurisdiction of a state grand jury impaneled under this article extends throughout the State. The subject matter jurisdiction of a state grand jury in all cases is limited to the following offenses:

(1) crimes involving narcotics, dangerous drugs, or controlled substances . . . if the crimes are of a multicounty nature or have transpired or are transpiring or have significance in more than one county of this State. . . .

Facts supporting the grand jury's jurisdiction must be set forth in the indictment, and an indictment which fails to allege the offense charged has significant impact in other counties, in addition to the county in which the offense is alleged to have occurred, is fatally defective. *State v. Wilson*, 315 S.C. 289, 433 S.E. (2d) 864 (1993). While the State Grand Jury may properly return an indictment alleging a single-count offense, such a charge conveys subject matter jurisdiction only when the offense has multicounty significance *and* the indictment contains this allegation. *Id.* Thus, while the indictment at hand clearly contained an allegation of multicounty significance, there is absolutely no evidence the offense did, in fact, have multicounty significance. To require only that the indictment *allege* multicounty significance to convey jurisdiction to the State Grand Jury would subvert the clear intent of S.C. Code Ann. § 14-7-1630(A)(1) (Supp. 1994).

The State first contends appellant waived the right to argue the trial judge erred in failing to direct a verdict for appellant for failure to prove multicounty significance as no such argument was raised before the trial judge. We agree appellant failed to preserve the directed verdict issue; however, appellant clearly asserts a lack of subject matter jurisdiction based on the indictment. Subject matter jurisdiction may be raised for the first time on appeal. *Knight Publishing Company v. U.S.C.*, 295 S.C. 31, 367 S.E. (2d) 20 (1988).

The State also contends the evidence presented showed activity having significance in more than one county. This conclusory assertion by the State is not supported by any specific references to the record. Further, a thorough review of the record reveals it is completely devoid of any evidence of multicounty significance. Alternatively, the State contends the trial judge instructed the State to refrain from presenting evidence as to the facts and circumstances surrounding the other

seven indictments and, consequently, the State was limited in its presentation of evidence of multicounty significance. We first note the record before us contains no evidence of such an instruction by the trial judge. Further, there is no indication the State attempted to present any such evidence to show multicounty significance. Finally, had the offense under indictment number 91GS4722072 involved multicounty significance, such evidence would not have been limited as having only been relevant to the other seven charges. Appellant was tried only under this one indictment. The State cannot bootstrap alleged multicounty significance from other indictments for which the defendant is not being tried to convey multicounty significance to an indictment which does not already meet the requirement.

Finally, the State contends the mere magnitude of the 140-plus grams of cocaine being thrust onto the streets is sufficient to show multicounty significance as such action would necessarily tend to impact on counties outside of York County. We disagree. S.C. Code Ann. § 14-7-1630(A)(1) clearly provides the state grand jury has jurisdiction over crimes involving drugs only where the crimes are of multicounty nature or have transpired or had significance in more than one county of this State. The statute in no way intimates evidence of a certain minimal amount of the drugs automatically equates to multicounty significance and we find no merit to this argument.

For the foregoing reasons, appellant's conviction is

Vacated.

CURETON and CONNOR, JJ., concur.