24396

The STATE, Petitioner v. George Allen EVANS, Respondent.
(470 S.E. (2d) 97)

Supreme Court

---

*Attorney General Charles Molony Condon; John S. Simmons, Chief* and *Anne Hunter Young, Assistant Attorney General,* both of *State Grand Jury,* Columbia, *for petitioner.*

*Assistant Appellate Defender Robert M. Dudek* of *South Carolina Office of Appellate Defense,* Columbia, *for respondent.*

Heard Feb. 7, 1996.

Decided Mar. 25, 1996; Reh. Den. May 9, 1996.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

WALLER, Justice:

We granted certiorari to review the Court of Appeals' opinion in *State v. Evans*, 319 S.C. 320, 460 S.E. (2d) 578 (Ct. App. 1995). We reverse.

## FACTS

Evans was indicted by the State Grand Jury for trafficking cocaine. The indictment read as follows:

### TRAFFICKING IN COCAINE
S.C. Code Ann. § 44-53-370(e)(2)(c)

That George Allen Evans . . . did in York County on November 14, 1991, knowingly sell or deliver to a confidential informant . . . a quantity of cocaine . . . in the amount of 140.94 grams, **said activity having significance in more than one county of this state** and such conduct not having been authorized by law. (Emphasis supplied.)

At trial, the State produced evidence Evans had, through an intermediary, sold cocaine to a confidential informant. There was, however, no evidence the transaction occurred or impacted upon any county other than York.

After his conviction, Evans appealed claiming a lack of subject matter jurisdiction in the statewide grand jury due to the lack of multicounty significance. The Court of Appeals agreed and vacated Evans' conviction.

## DISCUSSION

Recognizing that certain crimes often transpire or have significance in more than one county, the State Grand Jury was created to enhance the grand jury system and improve the ability of the State to detect and eliminate criminal activity. With this goal in mind, the State Grand Jury was given broader investigative authority and the ability to investigate

certain crimes which cross county lines. S.C. Code Ann. § 14-7-1610 (Supp. 1995). Accordingly, the State Grand Jury was given subject matter jurisdiction over, *inter alia,* any crime arising out of or in connection with a crime involving narcotics, dangerous drugs, or controlled substances, if the crimes are of a multicounty nature or have significance in more than one county of this state. S.C. Code Ann. § 14-7-1630 (Supp. 1995). In *State v. Wilson,* — S.C. —, 433 S.E. (2d) 864 (1993), we interpreted § 14-7-1630 as requiring an allegation of multicounty significance in an indictment to establish subject matter jurisdiction in the State Grand Jury. In *State v. Gunn* 313 S.C. 124, 437 S.E. (2d) 75 (1993), we went further to reject the contention that an indictment was overly broad in failing to set forth specific details of the conspiracy alleged therein.

Under our holdings in *Gunn* and *Wilson,* the allegation of multicounty impact in the indictment was clearly sufficient to demonstrate the State Grand Jury acted within its jurisdiction. Contrary to Evans' contention, the State Grand Jury was not required to specifically enumerate those counties in which his drug trafficking had multicounty impact before it. We have repeatedly recognized that an indictment is sufficient if it apprises the defendant of the elements of the offense intended to be charged and apprises the defendant what he must be prepared to meet. *Browning v. State,* 465 S.E. (2d) 358 (S.C. Sup. Ct. 1995) (Davis Adv. Sh. No. 27 at 24); *State v. Wade,* 306 S.C. 79, 409 S.E. (2d) 780 (1991). The indictment here clearly charged Evans with the offense of trafficking and set forth the elements of that offense. Accordingly, it was sufficient.

Moreover, we find no merit to Evans' contention that he was entitled to a directed verdict due to the State's failure to prove "multi-county" impact at trial. The State would only be required to prove "multi-county impact" if it were an element of the offense of trafficking. The elements of trafficking are governed by § 44-53-370(e); the mere fact that an indictment is handed down by a State Grand Jury rather than a county grand jury does not change the elements of the offense.

A material variance between the charge and the proof entitles the defendant to a directed verdict. A variance is not material if it is not an element of the offense.

*Gunn, supra,* 437 S.E. (2d) at 82. A variance between an allegation of the indictment and the proof is immaterial if the unproved allegation is surplusage. 41 Am. Jur. (2d) *Indictments* § 260 (1995). Moreover, a conviction will not be overturned due to evidence that tends to show a narrower charge than that contained in the indictment if the narrower charge is fully included within the indictment. *Id.* at § 266 (*citing United States v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed. (2d) 99 (1985)). Here, the charge of trafficking cocaine in York County on November 14, 1991 was clearly included within the indictment. The allegation of multicounty significance was simply a jurisdictional statement for purposes of the State Grand Jury.[1] It had nothing to do with the elements of the offense of trafficking to be proved in circuit court. Accordingly, the variance in evidence at trial was not material and did not entitle Evans to a directed verdict.

## CONCLUSION

We find the indictment here was sufficient, on its face, to confer subject matter jurisdiction. As the state was not required to prove multicounty impact at trial, Evans was not entitled to a directed verdict. Accordingly, the Court of Appeals' opinion is

Reversed.[2]

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

[1] As we noted in *State v. Gunn, supra,* the State Grand Jury operates under a very specialized procedure under which a defendant is permitted to obtain and review all evidence which was considered in handing down an indictment. *See also* S.C. Code Ann. § 14-7-1700 (1995). Accordingly, Evans had an opportunity to review the evidence to determine whether the State Grand Jury, in fact, investigated him for "multi-county" crimes. At no time has he challenged the sufficiency of the evidence which was before that body, nor is there any evidence in the record before us. If Evans was concerned with the evidence which was considered by the State Grand Jury, it was incumbent upon him to challenge this evidence prior to a jury being sworn. *Cf. State v. Young,* 243 S.C. 187, 133 S.E. (2d) 210 (1963); *State v. Jacobs,* 238 S.C. 234, 119 S.E. (2d) 735 (1961).

[2] To the extent the Court of Appeals' opinion in *State v. James,* 467 S.E. (2d) 748 (Ct. App. 1995) (Davis Adv. Sh. 1 at 36), is inconsistent with this opinion, it is overruled.