522 S.E.2d 602

**The STATE, Appellant,**

v.

**Ronald C. GREEN, Respondent.**

**No. 3030.**

Court of Appeals of South Carolina.

Heard June 6, 1999.

Decided Aug. 2, 1999.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh; and Chief Jonathan E. Ozmint and Assistant Attorney General Anne Hunter Young, both of State Grand Jury, all of Columbia, for appellant.

Elmer W. Hatcher, Jr.; and Robert J. Harte, both of Aiken, for respondent.

CURETON, Judge:

The State appeals a circuit court order dismissing, without prejudice, a State Grand Jury indictment against Ronald C.

Green. To the extent that the issue on appeal is not moot, we reverse.

## PROCEDURAL BACKGROUND

On November 12, 1996, a State Grand Jury indicted Green on three counts of trafficking in cocaine, two counts of trafficking in crack cocaine, and one count of resisting arrest. The trafficking indictments were based on drug sales to a confidential informant cooperating with the State Law Enforcement Division.

The circuit court held a hearing upon the State's motion requesting the court rule on the issue of whether the State Grand Jury had subject matter jurisdiction over the offenses charged. The indictment alleged each offense occurred in Aiken County or Aiken County and a county in Georgia. During the hearing, the State presented testimony of an officer involved in the investigation. The confidential informant was not present to testify at the hearing. The trial judge found no evidence of multi-county significance and dismissed the indictment for lack of subject matter jurisdiction without prejudice. The State appeals.

The Aiken County Grand Jury subsequently indicted Green on four of the six counts contained in the State Grand Jury indictment. The Aiken County Grand Jury did not indict Green on the remaining charges—a June 1, 1996, count for trafficking in cocaine and an August 11, 1996, trafficking in crack cocaine charge. Green pled guilty to the Aiken County charges. The State agreed to recommend Green receive sentences concurrent with those for his Aiken County convictions if Green is prosecuted and convicted on the remaining two charges.

## LAW/ANALYSIS

### *Mootness of the State's Appeal*

■ Green argues the State's appeal is moot because he pled guilty to four of the charges in Aiken County. As to the charges to which he pled, we agree. However, on the two remaining charges, the State's appeal is not moot.

When judgment on an issue can have no practical effect upon an existing case or controversy, the issue is moot. *See Dodge v. Dodge*, 332 S.C. 401, 505 S.E.2d 344 (Ct.App. 1998); *Charest v. Charest*, 329 S.C. 511, 495 S.E.2d 784 (Ct.App.1997). "A criminal case is moot only if there is no possibility that any legal consequences will be imposed." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Because Green pled guilty to four of the charges alleged in the State Grand Jury indictment, judgment on the appealed order can have no practical effect upon those four charges.

However, the State's appeal is not moot as to the two remaining counts of the indictment. In return for Green's guilty plea on the four charges, the State agreed to recommend concurrent sentences if Green is convicted or pleads guilty to the remaining charges. This does not negate the possibility of legal consequences stemming from the remaining charges. Conviction is itself a legal consequence. Furthermore, the State's sentence recommendation is not binding on the trial judge. *Brooks v. State*, 325 S.C. 269, 272, 481 S.E.2d 712, 713 (1997) ("The trial judge was not bound to accept the negotiated sentence reached by the State and respondent."); *see also Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997); *State v. Riddle*, 278 S.C. 148, 292 S.E.2d 795 (1982); *Lambert v. State*, 260 S.C. 617, 198 S.E.2d 118 (1973). Although the State agreed to recommend concurrent sentencing, under the statutes charged, Green could be sentenced to thirty years rather than twenty-five and fined as much as $50,000 on each count. *See* S.C.Code Ann. §§ 44–53–370(e)(2)(a) and 44–53–375(C)(2). Clearly, any conviction on the two remaining charges has legal consequences despite the State's agreement to recommend concurrent sentencing. Therefore, the appeal is not moot as to Counts One and Two of the State Grand Jury indictment.

### Subject Matter Jurisdiction

The State argues the trial judge erred in dismissing the State Grand Jury indictment for lack of subject matter jurisdiction. We agree.

█ The General Assembly created the State Grand Jury, in part, to improve the State's ability to "detect and eliminate criminal activity." S.C.Code Ann. § 14–7–1610 (Supp.1998). The State Grand Jury's jurisdiction extends only to certain crimes. S.C.Code Ann. § 14–7–1630 (Supp.1998). The State Grand Jury has subject matter jurisdiction over "any crime arising out of or in connection with a crime involving narcotics, dangerous drugs, or controlled substances, if the crimes are of a multi-county nature or have significance in more than one county of this state." *State v. Evans,* 322 S.C. 78, 81, 470 S.E.2d 97, 98 (1996). *See also* S.C.Code Ann. § 14–7–1610 (Supp.1998).

█ This jurisdictional mandate only requires that an otherwise valid indictment contain an allegation of multi-county significance. *State v. James,* 321 S.C.75, 472 S.E.2d 38 (Ct.App.1996) (citing *Evans,* 322 S.C. 78, 470 S.E.2d 97). The State Grand Jury may properly return an indictment alleging a single-county offense if the offense has multi-county significance and the indictment contains this allegation. *State v. Wilson,* 315 S.C. 289, 433 S.E.2d 864 (1993). "[O]nce jurisdiction vests in the State Grand Jury, the State need not prove multi-county impact at trial unless multi-county impact is actually an element of the offense charged." *James,* 321 S.C. at 81, 472 S.E.2d at 41 (citing *Evans,* 322 S.C. 78, 470 S.E.2d 97).

█ "[T]he State Grand Jury operates under a very specialized procedure under which a defendant is permitted to obtain and review all evidence which was considered in handing down an indictment." *Evans,* 322 S.C. 78, 79, 470 S.E.2d 97, 99 at n. 1. Under footnote one in *Evans,* a defendant can attack the State Grand Jury's subject matter jurisdiction by challenging the sufficiency of the evidence presented at the grand jury proceeding before the jury is sworn. *See id.*

█ In this case, the trial judge considered the evidence presented at the preliminary hearing, rather than the evidence before the State Grand Jury. Because the State's informant who had testified before the State Grand Jury was unavailable at the preliminary hearing, the trial court excluded most of his testimony as hearsay. The court specifically held, "[t]he informant cannot presently be located; therefore, no one who

actually took part in the buys is available to testify as to multi-county significance." The court further stated, "Because no multi-county significance has been established *before this court*, subject matter jurisdiction does not exist" (emphasis added). The trial judge erroneously based his decision on the evidence presented at the preliminary hearing, instead of evaluating the sufficiency of the evidence before the Grand Jury, as is required under *Evans*.

The testimony of Larry Wilson, the State's informant, was presented to the State Grand Jury. Wilson testified to delivering and receiving payment for heroin and cocaine for a Mr. Bellamy. Wilson also said he accompanied Bellamy to Aiken County, where Bellamy bought cocaine from Green. According to Wilson, Bellamy returned to Charleston and distributed the cocaine in the Charleston area. Additionally, S.L.E.D. agent Wallace Owens testified Green's arrest resulted from the investigation of a large drug distribution ring involving six counties in South Carolina. Clearly, evidence was presented from which the State Grand Jury could conclude the charged offenses had "multi-county significance."

Both remaining counts of the indictment at bar stated the alleged offenses had "significance in more than one county of this State." This satisfies the requirement of Section 14–7–1630(A)(1) as interpreted by *Evans*. Additionally, the indictment is otherwise facially valid. The trial court thus erred in dismissing the indictment for lack of subject matter jurisdiction.

## CONCLUSION

As to counts one and two of the indictment, the order of the circuit court is reversed.

**REVERSED IN PART.**

ANDERSON and STILWELL, JJ., concur.