536 S.E.2d 396

**The STATE, Respondent,**

v.

**Kelvin JONES, a/k/a Kevin L. Jones, Appellant.**

No. 3138.

Court of Appeals of South Carolina.

Resubmitted June 29, 2000.

Decided July 19, 2000.

Rehearing Denied Sept. 30, 2000.

Assistant Appellant Defender Aileen P. Clare, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Senior Assistant Attorney General Charles H. Richardson; and Solicitor Warren B. Giese, all of Columbia, for respondent.

## ORDER WITHDRAWING AND SUBSTITUTING OPINION

PER CURIAM:

After careful consideration, the Petition for Rehearing is granted without permitting additional oral arguments. However, Opinion Number 3138, filed March 27, 2000, is withdrawn and the attached opinion is substituted.

HOWARD, Judge:

A jury convicted Kelvin Jones of armed robbery and the trial court sentenced him to life imprisonment pursuant to S.C.Code Ann. § 17–25–45 (Supp.1999). Jones appeals, arguing the trial court lacked subject matter jurisdiction to convict him and that the trial court erred in failing to direct a verdict in his favor. We reverse.

## FACTS

Taking the evidence in a light most favorable to the State, on January 26, 1997, Jones entered a convenience store in Richland County, and handed the clerk a holdup note, stating: "This is a stickup, give me all the money." The clerk initially

thought the demand was a joke, but after noticing that Jones kept his left hand in his jacket pocket, the clerk determined it was not a joke. The clerk complied with the note, giving Jones $200.00 from the store register because Jones appeared "deadly serious about it." The clerk never saw a gun, but believed Jones had a gun and he feared being shot.

## LAW/ANALYSIS

Jones argues on appeal that: (1) the trial court lacked subject matter jurisdiction where the indictment failed to charge him with the offense allegedly proven at trial; and (2) the trial court erred in refusing to direct a verdict where a material variance existed between the evidence offered at trial and the allegations presented in the indictment.

A criminal defendant is entitled to be tried only on indicted offenses. *State v. Munn*, 292 S.C. 497, 357 S.E.2d 461 (1987). In South Carolina, "[i]t is a rule of universal observance in administering the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Gunn*, 313 S.C. 124, 136, 437 S.E.2d 75, 82 (1993) (quoting *State v. Cody*, 180 S.C. 417, 186 S.E. 165 (1936)). "A material variance between charge and proof entitles the defendant to a directed verdict; such a variance is not material if it is not an element of the offense." *Id.* A variance between an allegation contained in the indictment and the proof is immaterial if the unproved allegation is surplusage. *State v. Evans*, 322 S.C. 78, 470 S.E.2d 97 (1996). "Moreover, a conviction will not be overturned due to evidence that tends to show a narrower charge than that contained in the indictment if the narrower charge is fully included within the indictment." *Id.* at 82, 470 S.E.2d at 99.

In this case, the indictment clearly alleged Jones committed a robbery while armed with a pistol. The indictment against Jones read as follows:

## COUNT ONE—ARMED ROBBERY

That KELVIN LARON JONES did in Richland County on or about January 26, 1997, while armed with a deadly

weapon, to wit: a pistol feloniously take from the person or presence of Youssef Elammouri by means of force or intimidation goods or monies of Amoco such goods or monies being described as follows: U.S. Currency with the intent to deprive the owner permanently of such property.

Prior to June 18, 1996, Section 16–11–330 provided in pertinent part as follows:

(1) Any person convicted for the crime of robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor or other deadly weapon shall suffer punishment by imprisonment at hard labor for a term of not less than ten years nor more than twenty-five years, in the discretion of the trial judge, no part of which may be suspended . . .

S.C.Code Ann. § 16–11–330(1) (1976).

In *State v. Nix*, 288 S.C. 492, 343 S.E.2d 627 (Ct.App.1986), we held the display of a deadly weapon was not an essential element of the offense. In *Nix*, evidence of one assailant's statement to another during one robbery to "bring the gun" was sufficient to raise a jury question as to whether a second robbery by the same two defendants a short time later was an armed robbery, when coupled with both robbery victims' testimony that they saw something under the robber's shirt, even though the second robbery victim admitted she did not see a gun. *Nix* did not reduce the State's burden of proving beyond a reasonable doubt that the robber was armed with a deadly weapon as set forth in Section 16–11–330. It merely held the evidence was sufficient to raise a jury issue on this question, notwithstanding the fact that no gun was displayed during the robbery.

Section 16–11–330 was subsequently amended, effective June 18, 1996, to provide as follows:

(A) A person who commits robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, *or* while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon, is guilty of a felony . . .

S.C.Code Ann. § 16–11–330(A) (Supp.1999) (emphasis added).

▪ Under this amended section, the State may now prove armed robbery by establishing the commission of a

robbery and either one of the two additional elements: (1) that the robber was armed with a deadly weapon *or.* (2) that the robber *alleged* that he or she was armed with a deadly weapon, either by action or words, "while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon." Therefore, a defendant may now be convicted of armed robbery under S.C.Code Ann. § 16–11–330(A) (Supp.1999) if the jury concludes that the robber alleged that he was armed under the requisite circumstances without having to conclude that he was, in fact, so armed. These are now alternative elements of the statutory offense of armed robbery.

 It is evident from the colloquy during the motion for a directed verdict that the trial court denied the motion based on proof of a robbery and the alternative element that Jones alleged, by his deeds, he was armed.[1] The indictment charged Jones only with committing the robbery while possessing a pistol. The proof at trial is at variance with the indictment, and the failure to grant a directed verdict was error. *See State v. Evans,* 322 S.C. 78, 470 S.E.2d 97 (1996); *State v. Sowell,* 85 S.C. 278, 67 S.E. 316 (1910).

The State makes the additional argument that the indictment could have been amended and that Jones had full knowledge of the charges he was being called upon to face. However, the State did not amend the indictment. We, therefore, need not address this issue.

Since there was a material variance between the charge and the proof, the defendant was entitled to a directed verdict.

---

1. The jury charge is not contained within the record on appeal. Therefore, we can not ascertain with any certainty whether the trial judge charged the jury on the unindicted offense of armed robbery while *alleging* to be armed, considering it a "narrower" charge fitting within the "broader" charge of armed robbery while *actually* being armed with a deadly weapon. *See Evans,* 322 S.C. at 82, 470 S.E.2d at 99 (a conviction will not be overturned due to evidence that tends to show a narrower charge than that contained in the indictment if the narrower charge is fully included within the indictment). However, because the offense of robbery while *alleging* to be armed with a deadly weapon contains a different element, it is not a "narrower" charge fitting within the "broader" description of armed robbery while *actually* armed with a deadly weapon.

*State v. Gunn,* 313 S.C. 124, 136, 437 S.E.2d 75, 82 (1993). The trial court lacked subject matter jurisdiction to convict Jones for armed robbery by "alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon" when there was no indictment charging him with that offense when the jury was sworn. *See State v. Munn,* 292 S.C. 497, 499, 357 S.E.2d 461, 463 (1987) (citing *State v. Beachum,* 288 S.C. 325, 342 S.E.2d 597 (1986)). For this reason, the conviction of Kelvin Jones is reversed.[2]

**REVERSED.**

CURETON and HUFF, JJ., concur.

---

**2.** This case falls within the rule that retrial is permissible after a conviction is reversed on appeal. Therefore, nothing in this Opinion prohibits the State from seeking a proper indictment for armed robbery against Jones. *See Montana v. Hall,* 481 U.S. 400, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987); *Munn,* 292 S.C. at 499, 357 S.E.2d at 463.