THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Dwayne Housey, Appellant.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge
Unpublished Opinion No.  2011-UP-026
Submitted November 1, 2010  Filed January
 25, 2011
AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Appellant.
 Attorney General Alan Wlilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor Kevin
 Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM: Dwayne Housey was convicted of trafficking cocaine in
 an amount of more than one hundred grams and was sentenced to twenty-five years'
 imprisonment.  On appeal, Housey argues the trial court erred in allowing
 excessive conspiracy testimony into evidence to support the trafficking charge
 because the testimony was prejudicial character evidence that had no probative
 value.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: State v. Mouzon, 321 S.C. 27, 32, 467 S.E.2d 122, 125 (Ct. App.
 1995) ("Conspiracy is a combination or agreement between two or more
 persons for the purpose of accomplishing a criminal or unlawful object, or
 achieving by criminal or unlawful means an object that is neither criminal nor
 unlawful.  It may be proven by the specific overt acts done in furtherance of
 the conspiracy,
 but the gravamen of the offense of conspiracy is the agreement, combination, or mutual understanding."
 (citations omitted)); State v. Wilson, 315 S.C. 289, 294, 433 S.E.2d
 864, 868 (1993) ("The State is entitled to prove the whole history of
 the conspiracy, from its commencement to its conclusion, as well as overt acts
 done in furtherance of the conspiracy since from those overt acts, an inference
 may be drawn as to the existence and object of the conspiracy." (citation and
 quotation marks omitted)); State v. Harris, 342 S.C. 191, 202, 535
 S.E.2d 652, 657 (Ct. App. 2000) (holding evidence does not constitute "other
 crimes, wrongs or acts" under Rule 404(b), SCRE "if [the evidence] arose
 out of the same . . . series of transactions as the charged offense . . . [and]
 constituted predicate evidence necessary to provide the context to the drug
 distribution scheme that took place within the charged time frame."
 (citations omitted)). 
AFFIRMED.
FEW,
 C.J., SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.