THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Miguel Angel Ontiverous, Appellant.
 
 
 

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2012-UP-069
 Submitted January 3, 2012  Filed February
8, 2012    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor Barry J. Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Miguel
 Angel Ontiverous appeals his convictions for trafficking in marijuana and
 possession of a weapon during the commission of or attempt to commit a violent
 crime, arguing the trial court erroneously denied his motion for a directed
 verdict because the State failed to prove the knowledge element of the crime.  We affirm.[1]
"When ruling on a motion
 for a directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight."  State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "When reviewing a denial of a
 directed verdict, [an appellate court] views the evidence and all reasonable
 inferences in the light most favorable to the [S]tate."  Id.  An
 appellate court must find the case was properly submitted to the jury if any
 direct or substantial circumstantial evidence reasonably tends to prove the
 guilt of the accused.  Id. at 292-93, 625 S.E.2d at 648.  
"Any person who
 knowingly sells, manufactures, cultivates, delivers, purchases, or brings into
 this State, or who provides financial assistance or otherwise aids, abets, attempts,
 or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into
 this State, or who is knowingly in actual or constructive possession or who
 knowingly attempts to become in actual or constructive possession of . . . ten
 pounds or more of marijuana is guilty of     . . . 'trafficking in marijuana.'" 
 S.C. Code Ann. § 44-53-370(e)(1) (Supp. 2010).  "In drug cases, the
 element of knowledge is seldom established through direct evidence, but may be
 proven circumstantially."  State v. Hernandez, 382 S.C. 620, 624,
 677 S.E.2d 603, 605 (2009).  "Knowledge can be proven by the evidence of
 acts, declarations, or conduct of the accused from which the inference may be
 drawn that the accused knew of the existence of the prohibited substances."  Id.  "[E]vidence of weapons may be relevant to show intent in a
 drug prosecution."  State v. Wilson, 315 S.C. 289, 295, 433 S.E.2d
 864, 868 (1993).
Here, the State presented substantial circumstantial
 evidence tending to prove Ontiverous's guilt when viewed, together with all
 reasonable inferences, in the light most favorable to the State.  Testimony
 established Ontiverous's connection with the person who organized the delivery
 of a marijuana package.  Ontiverous drove his truck from Greenville to a
 meeting with a person (Witness) who knew the delivery address in Duncan for a
 package containing marijuana.  Ontiverous's passenger was someone connected
 with the organizer.  Moreover, the officers found a gun in the cocked position,
 ready to fire, in Ontiverous's waistband and a cooler containing a set of
 digital scales and plastic baggies in his truck.  Officers testified that most
 of the "trafficking level offenders in the narcotics business" are
 armed and digital scales and plastic baggies are used to separate a large
 quantity of drugs into individual bags.  
Furthermore, Ontiverous's
 acts and conduct permit an inference he knew of the existence of marijuana in
 the package.  Specifically, Ontiverous backed his truck into the driveway of
 the house where the package was located instead of pulling forward.  An officer
 testified this maneuver is known for allowing a fast departure.  Additionally, Ontiverous
 did not remain in his truck but followed his passenger and Witness behind the
 house where Witness had placed the marijuana package.  Therefore, the trial
 court properly submitted the case to the jury.
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.