THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Ernest Antonio Evans, Appellant.
 
 
 

Appeal From Newberry County
 Eugene C. Griffith, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-319   
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Deputy Attorney General David Spencer, all of Columbia;
 and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Ernest
 Antonio Evans appeals his convictions of conspiracy and shoplifting, third
 offense, arguing the trial court erred in (1) denying his directed verdict
 motion on the conspiracy charge and (2) proceeding with Evans's trial for the
 felony of shoplifting, third offense, when he was indicted for shoplifting in
 violation of section 16-13-110 of the South Carolina Code (2003), which is a
 misdemeanor.  We affirm.[1]
1.  We hold the trial court properly
 denied Evans's motion for a directed verdict on the conspiracy charge. 
 Criminal conspiracy is defined as "a combination between two or more
 persons for the purpose of accomplishing an unlawful object or lawful object by
 unlawful means."  S.C. Code Ann. § 16-17-410 (2003).  "The gravamen
 of conspiracy is an agreement or combination."  State v. Stuckey,
 347 S.C. 484, 502, 556 S.E.2d 403, 412 (Ct. App. 2001).  "However, a
 formal agreement is not necessary to establish a conspiracy, as the conspiracy
 may be proven by circumstantial evidence and the conduct of the parties."  Id. at 502-03, 556 S.E.2d at 412 (internal quotation marks omitted). 
 "What is needed is proof they intended to act together for their shared
 mutual benefit within the scope of the conspiracy charged."  Id. at
 503, 556 S.E.2d at 412-13 (internal quotation marks and emphases omitted).  In
 making this determination, "[t]he substantive crimes committed in
 furtherance of the conspiracy constitute circumstantial evidence of the
 existence of the conspiracy, its object, and scope."  State v. Wilson,
 315 S.C. 289, 294, 433 S.E.2d 864, 868 (1993).  In the instant case, sufficient
 evidence supports a finding that Evans and his companion conspired to shoplift
 merchandise from the CVS store in Newberry, and the trial court properly denied
 his directed verdict motion.   See State v. Weston, 367 S.C. 279,
 292, 625 S.E.2d 641, 648 (2006) (holding when ruling on a motion for a directed
 verdict, the trial court is concerned with the existence or nonexistence of
 evidence, not its weight).
2.  We find Evans's argument challenging
 the sufficiency of the indictment for shoplifting is not preserved for appellate
 review.  Our supreme court has "held that the concepts of subject matter
 jurisdiction and sufficiency of an indictment are distinct."  State v.
 Dickerson, 395 S.C. 101, 119, 716 S.E.2d 895, 905 (2011); see also United
 States v. Cotton, 535 U.S. 625 (2002) (holding that a defective indictment
 does not deprive a court of jurisdiction).  Accordingly, "if an indictment
 is challenged as insufficient or defective, the defendant must raise that issue
 before the jury is sworn and not afterwards."  State v. Gentry, 363
 S.C. 93, 101, 610 S.E.2d 494, 499 (2005).  Because Evans did not challenge the
 sufficiency of his indictment at any point during trial and, in fact,
 stipulated that the court "ha[d] jurisdiction over third offense
 [shoplifting,]" his instant argument is not preserved for our review.[2]
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.  
[2] Further, even if Evans's argument were preserved, we
 would affirm.  See Carter v. State, 329 S.C. 355, 362-63, 495
 S.E.2d 773, 777 (1998) ("An indictment is sufficient if the offense is
 stated with sufficient certainty and particularity to enable the court to know
 what judgment to pronounce, and the defendant to know what he is called upon to
 answer and whether he may plead an acquittal or conviction thereon."); State
 v. Scriven, 339 S.C. 333, 337-38, 529 S.E.2d 71, 73 (Ct. App. 2000)
 ("Where a statute increases the punishment for a second or subsequent
 offense, the allegation that the offense charged in the indictment was of that
 character is unnecessary.").