**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Anthony McNeil, Appellant.

Appellate Case No. 2021-000933

———————

Appeal From Charleston County
R. Kirk Griffin, Circuit Court Judge,

———————

Unpublished Opinion No. 2023-UP-363
Submitted October 1, 2023 – Filed November 8, 2023

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Scarlet Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Michael Anthony McNeil appeals his convictions for assault and battery of a high and aggravated nature (ABHAN) and possession of a weapon during the commission of a violent crime and his sentence of life without parole. McNeil argues the trial court erred in (1) failing to grant his motion for a directed

verdict on the attempted murder charge after the State failed to proffer any evidence of malice aforethought or intent to kill and (2) overruling his objection to burden shifting during the cross-examination of a defense witness. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the directed verdict issue is moot because McNeil was convicted of a lesser-included charge and acquitted of the attempted murder charge. *See Bozeman v. State*, 307 S.C. 172, 174, 414 S.E.2d 144, 145 (1992) ("When the jury convicted petitioner of the lesser included offense of voluntary manslaughter, in essence, he was acquitted of the murder charge."); *Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); *id.* ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief."); *State v. Green*, 337 S.C. 67, 71, 522 S.E.2d 602, 604 (Ct. App. 1999) ("When judgment on an issue can have no practical effect upon an existing case or controversy, the issue is moot.").

2. We hold the trial court properly overruled the burden-shifting objection, and even if it did not, any error was harmless. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *In re Winship*, 397 U.S. 358, 361-62 (1970) (explaining the historic understanding that in a criminal case, the government has the burden of proving the case beyond a reasonable doubt); *Douglas v. State*, 332 S.C. 67, 71-72, 504 S.E.2d 307, 309 (1998) (finding no error in the trial court's failure to give a curative instruction following the State's burden-shifting comment in the closing argument because "the trial court extensively charged the jury that the State had the burden of proof and the defendants had no duty to prove their innocence"); *State v. Cooper*, 334 S.C. 540, 554, 514 S.E.2d 584, 591 (1999) (finding that any potential prejudice caused by the solicitor's comments was cured by the trial court's immediate curative instruction and the jury charge following closing arguments); *State v. Reeves*, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) ("Error is harmless when it could not reasonably have affected the result of the trial.").

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.