**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin Herriott, Appellant.

Appellate Case No. 2019-000969

———————————

Appeal From Lee County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-190
Submitted March 1, 2024 – Filed May 29, 2024

———————————

**AFFIRMED**

———————————

Kevin Herriott, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————————

**PER CURIAM:** Kevin Herriott appeals his convictions for attempted armed robbery and possession of a weapon by an inmate and his concurrent sentences of six years' imprisonment for attempted armed robbery and five years' imprisonment

for possession of a weapon.  On appeal, Herriot argues the trial court erred when it (1) failed to grant his motion to quash his indictments, (2) denied his motion for a directed verdict, and (3) found the State did not withhold exculpatory evidence. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Herriott's arguments regarding his indictments are not preserved as to attempted armed robbery and possession of a weapon by an inmate because he did not raise them at trial.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal.").  Additionally, we hold the issue is moot as to his indictment for assault and battery of a high and aggravated nature because he was ultimately acquitted of the offense.  *See State v. Green*, 337 S.C. 67, 71, 522 S.E.2d 602, 604 (Ct. App. 1999) ("When judgment on an issue can have no practical effect upon an existing case or controversy, the issue is moot.").

2.  We hold the trial court properly denied Herriott's motion for directed verdict because the State presented direct evidence that Herriott committed attempted armed robbery and possessed a weapon such that it was appropriate to send the case to the jury.  *See State v. Elders*, 386 S.C. 474, 480, 688 S.E.2d 857, 860 (Ct. App. 2010) ("When reviewing the denial of a motion for a directed verdict, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("This court will reverse a trial court's ruling on a directed verdict motion if no evidence supports the trial court's decision or the ruling is controlled by an error of law."); *State v. Zeigler*, 364 S.C. 94, 101, 610 S.E.2d 859, 863 (Ct. App. 2005) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").  The State presented video evidence showing Herriott armed with a weapon while incarcerated within a South Carolina Department of Corrections facility.  *See* S.C. Code Ann. § 24-13-440 (Supp. 2023) (stating when an inmate "carr[ies] on his person or to ha[s] in his possession . . . an object, homemade or otherwise, that may be used for the infliction of personal injury upon another person, or [] wilfully conceal[s] any weapon within any Department of Corrections facility or other place of confinement," he commits possession of a weapon by an inmate.).  The State

further presented testimony that Herriott attempted to take an officer's chemical munition while armed with a weapon. *See State v. Bland*, 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995) ("Robbery is defined as the felonious or unlawful taking of money, goods[,] or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."); *State v. Hiott*, 276 S.C. 72, 80, 276 S.E.2d 163, 167 (1981) (explaining attempted armed robbery occurs when there have been "acts toward the commission of [armed] robbery, and with such intent," but the acts have "fall[en] short of actual perpetration of the completed offense[,]" (quoting 77 C.J.S. Robbery § 60)); *State v. Quick*, 199 S.C. 256, 19 S.E.2d 101, 102 (1942) (explaining the "act" towards the commission of the armed robbery "is to be liberally construed, and . . . it is . . . sufficient that the act go far enough toward accomplishment of the crime to amount to the commencement of its consummation."); S.C. Code Ann. § 16-11-330(B) (2015) ("A person who commits attempted robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon . . . is guilty of [attempted armed robbery].").

3. We hold the trial court did not err in finding the State did not suppress exculpatory evidence because Herriott failed to identify any evidence that would have been favorable to him that was withheld. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment."); *State v. Durant*, 430 S.C. 98, 107, 844 S.E.2d 49, 53 (2020) ("A *Brady* violation occurs when the evidence at issue is: 1) favorable to the accused; 2) in the possession of or known to the prosecution; 3) suppressed by the prosecution; and 4) material to the defendant's guilt or punishment.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.