543 S.E.2d 249

**The STATE, Respondent,**

v.

**John Thomas ROBINSON, Appellant.**

No. 3287.

Court of Appeals of South Carolina.

Submitted Oct. 4, 2000.

Decided Jan. 22, 2001.

Rehearing Denied March 12, 2001.

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

PER CURIAM:

John Thomas Robinson was indicted for possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute within proximity of a public playground or park. A jury found Robinson guilty. He was sentenced to twenty years and a fine of $25,000 for possession with intent to distribute crack cocaine, and a concurrent fifteen year term for the related proximity charge.

## FACTS

Calvin's Detail Shop (Calvin's) was the focal point of a six-month drug investigation by the Rock Hill Police Department and the Federal Bureau of Investigations. On the evening of October 13, 1998, Rock Hill Police Officers Floyd and Lubben conducted surveillance of Calvin's. Both officers saw Robinson get out of a vehicle, enter Calvin's and exit on foot a short time later. The officers approached Robinson on the sidewalk. When Officer Floyd identified himself, Robinson charged him and threw his hands up in the air. Officer Lubben saw a black plastic bag fly from Robinson's left hand. The black plastic bag contained seven rocks of crack cocaine, having a total weight of 0.9 grams. Robinson was arrested and charged with possession with intent to distribute and the related proximity charge.

At the conclusion of the State's case, Robinson moved for a directed verdict arguing the State had presented no evidence of an intent to distribute. The trial judge denied the motion. Robinson appeals both convictions.

## DISCUSSION

Counsel for Robinson initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting there was no meritorious grounds for appeal and requesting permission to withdraw from further representation. In addition, Robinson filed a *pro se* brief. This Court denied counsel's request to withdraw and directed the parties to brief the directed verdict issue raised by Robinson in his *pro se* brief. We find all other issues contained in counsel's initial *Anders* brief and Robinson's *pro se* brief to be without merit.

■ Robinson argues the trial court erred in denying his motion for a directed verdict of acquittal on the charge of possession with intent to distribute because the amount seized was less than the statutory amount triggering the permissible inference of an intent to distribute, and no other evidence of intent was presented. *See* S.C.Code Ann. § 44-53-375(B) (Supp.1999). We disagree.

■ On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or nonexistence of evidence, not its weight. *State v. Morgan*, 282 S.C. 409, 319 S.E.2d 335 (1984). When reviewing the denial of a directed verdict motion in a criminal case we determine if there is "any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused." *State v. Rowell*, 326 S.C. 313, 315, 487 S.E.2d 185, 186, (1997), *cert. denied*, 522 U.S. 923, 118 S.Ct. 319, 139 L.Ed.2d 246 (1997). If so, this Court must find that the case was properly submitted to the jury. *Id.* On appeal from the denial of a motion for a directed verdict this Court must view the evidence in a light most favorable to the State. *State v. Schrock*, 283 S.C. 129, 322 S.E.2d 450 (1984).

■ S.C.Code Ann. § 44-53-375(B) (Supp.1999) creates a permissive inference that possession of more than one gram of crack cocaine constitutes possession with intent to distribute. However, a conviction of possession with intent to distribute does not hinge upon the amount involved. *State v. Adams*, 291 S.C. 132, 352 S.E.2d 483 (1987); *State v. Simpson*, 275 S.C. 426, 272 S.E.2d 431 (1980). Furthermore, the statute

does not mandate a reverse inference or presumption for amounts less than one gram.

During the trial, the State presented expert testimony from police officers that it was not typical for a simple user of crack cocaine to possess seven rocks of crack cocaine at one time. Two police officers testified users typically possess one rock, or at most, two. One officer stated he would not expect a dealer to have scales or individual baggies in his possession, but he would expect to find the crack cocaine wrapped as it was in this case.

Based upon this testimony, we conclude there is sufficient evidence of Robinson's intent to distribute to withstand the directed verdict.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is

**AFFIRMED.**

HUFF, HOWARD, and SHULER, JJ., concur.