608 S.E.2d 455

The STATE, Respondent,

v.

Christopher L. JAMES, Appellant.

No. 3906.

Court of Appeals of South Carolina.

Heard Oct. 13, 2004.
Decided Dec. 20, 2004.
Rehearing Denied Feb. 16, 2005.

Acting Chief Appellate Defender Joseph L. Savitz, III, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

BEATTY, J.:

Christopher James appeals his convictions for possession with intent to distribute crack cocaine and possession with intent to distribute crack cocaine within proximity of a school. He contends the trial court erred in denying his motion for a directed verdict given the State failed to produce substantial circumstantial evidence of the intent element. We reverse.

## FACTS

On April 15, 2000, Corporal Tony Taylor, employed with the Johnston Police Department, was patrolling the town when he observed James holding an open container of beer. Because James was in violation of the town's open container ordinance, Taylor stopped his vehicle and approached James. Taylor then instructed James to put his hands on the patrol car so that he could conduct a pat down for weapons. During the pat down, Taylor felt something in James's left front pocket. When questioned about the object, James responded, "Oh, that's my rag." As James pulled the rag out of his pocket, Taylor observed two small "zip-lock" bags fall to the ground. According to Taylor, one bag was empty and the other bag contained what he believed to be eight to ten rocks of crack cocaine. A struggle ensued when both James and Taylor reached for the bags. James then broke free and absconded with the bag containing the substance. Unable to apprehend James at that time, Taylor returned to the scene and retrieved the empty bag. Drug analysis of the bag revealed that it contained crack cocaine; however, there was no weight assigned to the substance because it was essentially residue. The second bag was never recovered.

An Edgefield County grand jury indicted James for resisting arrest, possession with intent to distribute crack cocaine, and possession with intent to distribute crack cocaine within proximity of a school.

At trial, Taylor recounted the incident for the jury. He also testified extensively as to why James was charged with possession with intent to distribute as opposed to simple possession of crack cocaine. For several reasons, Taylor believed James intended to sell the crack cocaine rather than use it for his personal consumption. Taylor testified that dealers nor-

mally carry a large number of crack cocaine rocks in a single bag. He also stated that a dealer usually sells an entire bag of crack cocaine before selling from other bags. In contrast, Taylor claimed that a crack cocaine addict normally carries only one rock of crack cocaine. Additionally, he testified an addict has a distinct, unhealthy physical appearance. Because James appeared in good health, had an empty bag containing crack cocaine residue, and a bag full of what appeared to be crack cocaine rocks, Taylor concluded that James intended to sell the crack cocaine.

James did not testify at trial. Two witnesses testified on James's behalf. Naomi Coppinger, the mother of James's children, testified that James was employed and supported his family. Shelby Still, an acquaintance of James, testified she witnessed from her doorway the incident involving James and Taylor. Although Still corroborated most of Taylor's account of the incident, she testified that she did not see any bags of drugs fall out of James's pocket when he pulled out the rag. She also characterized the area as "drug-infested," and acknowledged that bags containing drugs may have been on the ground.

The jury convicted James of resisting arrest, possession with intent to distribute crack cocaine, and possession with intent to distribute crack cocaine within proximity of a school. The trial court sentenced James to time served for the resisting arrest charge and ten years imprisonment for each of the drug charges. The sentences were to be served concurrently. James appeals.

## DISCUSSION

James argues the trial court erred in denying his motion for a directed verdict as to the drug charges. He contends the State failed to produce substantial circumstantial evidence that he possessed crack cocaine with intent to distribute. In conjunction with this contention, James asserts the court's failure to direct a verdict violated his Fourteenth Amendment right to due process because the evidence was not sufficient to convince a rational trier of fact that he was guilty beyond a reasonable doubt.

At trial, James moved for a directed verdict after the State rested and at the close of the evidence. In each of these motions, James argued there was insufficient evidence to support the elements of the possession with intent to distribute charges. The court denied these motions. Although the court acknowledged there was no evidence as to the weight of the crack cocaine, it found the State had presented circumstantial evidence to support the charges.

In ruling on a motion for directed verdict in a criminal case, a trial court must view the evidence in the light most favorable to the State. *State v. Buckmon,* 347 S.C. 316, 321, 555 S.E.2d 402, 404 (2001). The trial court is concerned with the existence or nonexistence of evidence, not its weight. *State v. Gaster,* 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002). "A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged." *State v. McHoney,* 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001). Furthermore, the court should not refuse to grant the directed verdict motion when the evidence merely raises a suspicion that the accused is guilty. *State v. Mitchell,* 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000).

When reviewing a denial of a directed verdict, this court must view the evidence and all reasonable inferences in the light most favorable to the State. *State v. Burdette,* 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999). If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury. *State v. Pinckney,* 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000).

Section 44–53–375(B) of the South Carolina Code "creates a permissive inference that possession of more than one gram of crack cocaine constitutes possession with intent to distribute. However, a conviction of possession with intent to distribute does not hinge upon the amount involved. Furthermore, the statute does not mandate a reverse inference or presumption for amounts less than one gram." *State v. Robinson,* 344 S.C. 220, 223, 543 S.E.2d 249, 250 (Ct.App.2001) (citations omitted); S.C.Code Ann. § 44–53–375(B) (2002). Possession of any amount of controlled substance coupled with sufficient indicia of intent to distribute will support a convic-

tion for possession with intent to distribute. *Matthews v. State,* 300 S.C. 238, 239, 387 S.E.2d 258, 259 (1990).

As a threshold matter, the State asserts James did not properly preserve this issue for appellate review. Specifically, the State contends James did not explicitly argue the State failed to produce "substantial circumstantial evidence that he possessed cocaine with intent to distribute."

We agree with the State's assertion with respect to James's Fourteenth Amendment argument. At trial, James moved to exclude the crack cocaine evidence on the ground the weapons pat down and subsequent seizure of the drugs violated his Fourteenth Amendment right to due process. In a separate and subsequent argument, James moved for a directed verdict without referencing the Fourteenth Amendment. Even if James's post-verdict motion could be construed to encompass a Fourteenth Amendment challenge regarding the sufficiency of the evidence, such an argument was untimely and did not preserve the argument for our review. *See Humbert v. State,* 345 S.C. 332, 338, 548 S.E.2d 862, 865, 866 (2001) (stating issues not raised and ruled upon in the trial court will not be considered on appeal); *State v. Byram,* 326 S.C. 107, 113, 485 S.E.2d 360, 363 (1997) (recognizing party may not argue one ground at trial and another on appeal); *State v. Kennerly,* 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct.App.1998), *aff'd,* 337 S.C. 617, 524 S.E.2d 837 (1999) ("[I]ssues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review.").

Despite the failure to preserve the Fourteenth Amendment issue, we find James properly raised the sufficiency of the evidence argument to the trial court. Although James did not use the term "substantial circumstantial evidence" in his motion for a directed verdict, he argued there was insufficient evidence to support the elements of the charge of possession with intent to distribute. Moreover, it is apparent from the trial court's ruling that this ground was the basis for the motion. Significantly, the court informed the parties that it would instruct the jury "that they have to find the intent to distribute has been proven by the State beyond a reasonable doubt, and there would be a lesser included offense of possession of crack cocaine." Thus, we find the argument is proper-

ly before this court. *Cf. State v. Russell,* 345 S.C. 128, 132, 546 S.E.2d 202, 204 (Ct.App.2001) (holding argument that defendant was entitled to a directed verdict on the ground the State failed to establish the *corpus deliciti* of DUI was preserved even though the defendant did not use the exact words where the ground for the motion was apparent from a review of the record).

■ We now analyze the merits of James's appeal. Clearly, the evidence was sufficient to prove James possessed crack cocaine. The State contends it proved the intent to distribute element based on Officer Taylor's testimony. James was observed in an area known for "high crime" and "high-narcotics trafficking." He had in his possession one "zip-lock" bag bulging with what appeared to be eight to ten crack cocaine rocks and one empty "zip-lock" bag that tested positive for crack cocaine residue. Officer Taylor testified dealers normally carry a large number of crack cocaine rocks and sell from one "zip-lock" bag before selling from other bags. In contrast, a crack cocaine addict usually carries only one rock of crack. Furthermore, unlike an addict, James appeared healthy. Based on these characteristics, Officer Taylor believed James intended to sell the crack cocaine because he fit the profile of a drug dealer as opposed to a drug user or addict.

Viewing the evidence in the light most favorable to the State, as we are required to do, we find this evidence was insufficient to submit to the jury the possession with intent to distribute charges. In doing so, we must distinguish the instant case from two recent decisions of this court, *Cherry* and *Robinson,* which at least facially appear to be dispositive. *State v. Cherry,* 348 S.C. 281, 559 S.E.2d 297 (Ct.App.2001) (*en banc*), *aff'd in result,* 361 S.C. 588, 606 S.E.2d 475 (2004), and *State v. Robinson,* 344 S.C. 220, 543 S.E.2d 249 (Ct.App.2001).

In *Cherry,* the defendant was a passenger in a vehicle stopped for a traffic violation. When an officer searched Cherry for weapons, he discovered a small bag containing approximately eight rocks of crack cocaine in his watch pocket. He also seized $322 in cash from Cherry. Cherry was convicted of possession with intent to distribute crack cocaine. As one of the issues raised on appeal, Cherry challenged the

trial court's failure to grant his motion for a directed verdict. Because there was no evidence that he intended to distribute the crack cocaine, Cherry asserted the charge should not have been submitted to the jury. This court, in a divided *en banc* decision, affirmed Cherry's conviction. Viewing the evidence in the light most favorable to the State without weighing it, the majority opinion found the following evidence justified the trial court's decision to deny Cherry's motion for a directed verdict: (1) Cherry was arrested in high crime area known for violence and drug activity; (2) Cherry had in his possession a small bag containing eight rocks of crack cocaine; (3) he had no drug paraphernalia with him indicating the crack cocaine was for his personal consumption; (4) he had $322 in cash, in mostly twenty dollar bills; and (5) a single rock of crack cocaine typically sold for twenty dollars. *Cherry,* 348 S.C. at 285, 559 S.E.2d at 299.

In *Robinson,* law enforcement observed Robinson enter a business that was the focal point of a six-month drug investigation. When Robinson left the establishment, an officer approached him. Robinson charged the officer and threw his hand up in the air. The officer saw a black plastic bag fly from Robinson's hand. The bag contained seven rocks of crack cocaine with an assigned weight of 0.9 grams. As a result, Robinson was charged with possession with intent to distribute crack cocaine and a related proximity charge. Because the amount of crack cocaine was less than the statutory amount triggering the permissible inference of intent to distribute, the State relied solely on expert testimony from officers regarding the distinction between a drug dealer and a user of crack cocaine. The officers testified that a user would normally not have more than one or two rocks in his possession. Additionally, one officer testified that he would expect that a dealer would have crack cocaine packaged as it was by Robinson. Based on this testimony, we found there was sufficient evidence of Robinson's intent to distribute to withstand a motion for a directed verdict. *Robinson,* 344 S.C. at 224, 543 S.E.2d at 250.

Analyzing the facts of this case, we conclude the indicia of intent relied upon by the State is considerably weaker than that presented in either *Cherry* or *Robinson* and, thus, insufficient to support the charged offenses. Although James was

observed in a "high-narcotics trafficking" area, he was initially detained for an open container violation in an area near his home. In contrast to *Robinson*, there was no testimony that James was engaged in a drug transaction or that he was under surveillance for dealing drugs. There was, however, testimony that James was employed and supported his family. Furthermore, unlike the defendant in *Cherry*, James did not have large amounts of cash, but instead, only had $37 on his person. As to the amount of crack cocaine possessed by James, the evidence was speculative. The "bulging" bag of crack cocaine, which the State primarily relied on to establish the intent element, was never recovered for evidentiary testing as in *Robinson* and *Cherry*. Officer Taylor also was not entirely clear as to how many rocks, of what he believed to be crack cocaine, were contained in the bag. He admitted that he only saw the bag briefly on the ground before the struggle ensued with James. Finally, James's healthy appearance was not conclusive as to whether he was a drug dealer. Instead, it could also have raised the inference that he was not a long-term user of crack cocaine. Based on the foregoing, we find the entirely circumstantial evidence in this case was not substantial and merely raised a suspicion that James intended to distribute crack cocaine. Therefore, we hold the trial judge erred in failing to direct a verdict on the possession with intent to distribute crack cocaine charge as well as the related proximity charge.

Accordingly, James's convictions and sentences are

**REVERSED.**[1]

STILWELL and SHORT, JJ., concur.

---

1. We recognize that our supreme court has recently ruled that when a conviction is reversed due to insufficient evidence, an appellate court may remand the case for sentencing on the lesser-included offense. We, however, choose not to do so in this case given the State has not made such a request. Moreover, although the trial court indicated it would charge the jury on the lesser-included offense of possession of crack cocaine, the court's charge to the jury was not included as part of the record on appeal. Thus, it is unclear whether the jury considered the lesser-included offense. *See State v. Brown*, 360 S.C. 581, 597–98, 602 S.E.2d 392, 401 (2004) (holding that when a conviction is reversed due to insufficient evidence, an appellate court will consider remanding a case for sentencing on a lesser-included offense only when: (1) the

evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted; (2) the jury was explicitly instructed it could find the defendant guilty of the lesser-included offense and was properly instructed on the elements of that offense; (3). the record on appeal contains sufficient evidence supporting each element of the lesser-included offense; (4) the State seeks a sentencing remand on appeal; (5) the defendant will not be unduly or unfairly prejudiced; and (6) the Court is convinced justice will be served by such a result after carefully considering the record as well as the interests and concerns of the both the defendant and the victim of the crime).