The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Terry Mays, Appellant.
 
 
 

Appeal From Barnwell County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2006-UP-429
Submitted December 1, 2006  Filed December 20, 2006

AFFIRMED

 
 
 
Herman Edward Smith, of Barnwell, for Appellant.  
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Terry Mays appeals the denial of his motion for directed verdict.  We affirm.[1]
FACTS
Mays and his cousin, Antwan Donaldson, were arrested for robbing the Modern Dry Cleaners in Blackville.  At trial, Cheryl Smoak, the manager of Modern Dry Cleaners, testified that two armed, black males entered the store at approximately 12:12 p.m. and demanded the money from the cash register.  She could not identify the two men, because they were wearing masks.  Smoak indicated the robbers got away with $166, composed of ones, fives, and one twenty dollar bill.  
Blackville Police Officer Johnny Fulmer testified he had seen Mays and Donaldson walking together on Sol Blatt Avenue, a main street in Blackville, in the direction of the cleaners at approximately 11:00 a.m.  Another witness, Jamie Jones, testified he had also seen the men together in that vicinity approximately thirty minutes before the robbery.  Jones further testified that as he was riding by the cleaners later that morning, he witnessed two men run out of the cleaners wearing masks.  One of the men took off his mask, and Jones recognized him as Donaldson.  Jones and Smoak provided information to police regarding the identification and description of the suspects.  
Mays and Donaldsons cousin, Tiffany Vice, testified that the two men arrived at her house around 12:30 p.m. and stayed with her on the porch for approximately thirty minutes.  They arrived breathing hard and had dust on them.  Captain Steven Griffith of the Barnwell County Sheriffs Department was one of the officers involved in the search for suspects.  He saw Mays and Donaldson in the Oak Street Cemetery, an area interlaced with paths and shortcuts allowing people to travel from one part of town to another.  Captain Griffith drew his gun and ordered the men to raise their hands.  Mays complied, but Donaldson ran.  Donaldson was shortly discovered hiding in a nearby shed.  Upon his arrest Mays had $45 in fives and ones and a new pack of cigarettes.  On the roof of the shed where Donaldson was apprehended, police found $117 made up of one twenty dollar bill, fives, and ones.  
Mays moved for a directed verdict at the close of the States case and again at the conclusion of the trial, arguing that the case against Mays was based entirely on circumstantial evidence and raised only the suspicion of guilt.  Those motions were denied, and Mays appeals. 
STANDARD OF REVIEW
When reviewing the denial of a directed verdict, this court must view the evidence and all reasonable inferences in the light most favorable to the State.  State v. James, 362 S.C. 557, 561, 608 S.E.2d 455, 457 (Ct. App. 2004).  When the State relies exclusively on circumstantial evidence and a motion for directed verdict is made, the court is concerned with the existence of evidence, not its weight. 
State v. Cherry, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004).  [I]t is the trial judges duty to submit the case to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.  Id.  (quoting State v. Edwards, 298 S.C. 272, 275, 379 S.E.2d 888, 889 (1989)).  The court should grant a directed verdict motion when the evidence presented merely raises a suspicion of guilt.  State v. Lollis, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001).  Suspicion implies a belief or opinion as to guilt based upon facts or circumstances which do not amount to proof.  Id.  However,
a trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis.  Cherry at 594, 606 S.E.2d at 478 (emphasis omitted).
LAW/ANALYSIS
Mays correctly argues that he is linked to the robbery through circumstantial evidence.  However, when viewed in the light most favorable to the State, we agree there is evidence from which his guilt can be fairly and logically deduced.  Mays was clearly seen with Donaldson, who was identified at the crime scene, in the time immediately preceding the robbery.  Immediately following the robbery, the two men arrived at their cousins home breathing heavily and covered in dust, which could suggest the two had been fleeing the scene of the crime.  Additionally, the amounts and denominations of money found on Mays and Donaldson, coupled with the cost of a pack of cigarettes, are consistent with what was stolen from the cleaners.  It can be logically deduced that the two men went to the cleaners, committed the robbery, fled to their cousins house, and were caught together with the spoils of their crime.  Because evidence exists sufficient to submit the question of guilt or innocence to the jury, the decision of the trial court is 
 AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.