THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Burnell Brock, Appellant.
 
 
 
 
 

Appeal From Clarendon County
Howard P. King, Circuit Court Judge

Unpublished Opinion No.  2010-UP-349
 Submitted June 1, 2010  Filed July 6,
2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of
 Columbia; and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM: Burnell
 Brock appeals his convictions for attempted armed robbery and resisting arrest,
 arguing the trial court erred in denying his motions for a directed verdict.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the trial
 court erred in denying Brock's motion for a directed verdict for attempted
 armed robbery when he argued a different ground for error on appeal than at
 trial and agreed the State only had to prove actual possession of the knife: State
 v. Kennerly, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998)
 (explaining in reviewing a denial of directed verdict, issues not raised to the
 trial court in support of the directed verdict motion are not preserved for
 appellate review); Id. (stating a defendant cannot argue on appeal an
 issue in support of his directed verdict motion when the issue was not presented
 to the trial court). 
2.  As to whether the trial
 court erred in denying his motion for a directed verdict for resisting arrest
 while armed with a deadly weapon when the State failed to offer any evidence he
 used or threatened to use a knife while resisting arrest: Id. (explaining in reviewing a denial of directed verdict, issues not raised to the
 trial court in support of the directed verdict motion are not preserved for
 appellate review); Id. (stating a defendant cannot argue on appeal an
 issue in support of his directed verdict motion when the issue was not
 presented to the trial court). 
3.  As to whether the trial
 court erred in denying his motion for a directed verdict for resisting arrest
 while armed with a deadly weapon because he was not
 under arrest when he ran from law enforcement: State v. James,
 362 S.C. 557, 561, 608 S.E.2d 455, 457 (Ct. App. 2004) ("In ruling on
 a motion for directed verdict in a criminal case, a trial court must view the
 evidence in the light most favorable to the State.  The trial court is
 concerned with the existence or nonexistence of evidence, not its weight."); Id. ("A defendant is entitled to a directed verdict when the State
 fails to produce evidence of the offense charged."); see also State
 v. Robertson, 191 S.C. 509, 510, 5 S.E.2d 285, 285-86 (1939)
 (explaining that while a person has the right to resist an unlawful arrest, it is
 within the "province of the jury to determine whether the officer was
 warranted under the circumstances in attempting to make the arrest").  
AFFIRMED.  
FEW, C.J., KONDUROS, and
 GEATHERS, JJ., concur.