THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jacob M. Breda, Appellant.
 
 
 

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2012-UP-285
Heard April 10, 2012 - Filed May 9, 2012 

REVERSED AND REMANDED

 
 
 
 Appellate Defender Tristan M. Shaffer, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Harold M. Coombs, Jr., all of Columbia;
 and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.
 
 
 

PER CURIAM: Jacob
 Mark Breda appeals his conviction for possession with intent to distribute cocaine
 base, arguing the circuit court erred in denying his motion for a directed verdict
 because the State failed to present substantial circumstantial evidence of the
 intent to distribute. We reverse and remand for a new trial. 
An appellate court reviews
 the denial of a directed verdict by viewing the evidence and all reasonable inferences
 to be drawn therefrom in the light most favorable to the State. State v.
 Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). "If there is
 any direct evidence or any substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused, [an appellate court] must find the
 case was properly submitted to the jury." Id. at 292-93, 625
 S.E.2d at 648. The circuit court may not consider the weight of the evidence. Id. at 292, 625 S.E.2d at 648. However, "when the [circumstantial]
 evidence presented merely raises a suspicion of guilt," the circuit court
 should direct a verdict in favor of the accused. State v. Bostick, 392
 S.C. 134, 142, 708 S.E.2d 774, 778 (2011) (citing State v. Cherry, 361
 S.C. 588, 594, 606 S.E.2d 475, 478 (2004)). A mere suspicion is a belief that
 is inspired by "facts or circumstances which do not amount to
 proof." State v. Lollis, 343 S.C. 580, 584, 541 S.E.2d 254, 256
 (2001).
The possession of one gram or
 more of cocaine base is prima facie evidence of an intent to distribute. S.C.
 Code Ann. § 44-53-375(B) (Supp. 2011). In cases involving less than one gram
 of cocaine base, the State must present sufficient evidence the accused
 intended to distribute the cocaine base in his possession. Id. 
 Otherwise, the evidence only supports a charge of simple possession. S.C. Code
 Ann. § 44-53-375(A) (Supp. 2011). Intent can be proven, and ordinarily is
 proven, by circumstantial evidence. State v. Tuckness, 257 S.C. 295,
 299, 185 S.E.2d 607, 608 (1971).
The facts of State v.
 James, 362 S.C. 557, 608 S.E.2d 455
 (Ct. App. 2004), are strikingly similar to the facts here. In James,
 the accused was arrested in a high narcotics trafficking area for an open
 container violation and a search revealed two Ziploc bags: one empty and one
 containing eight to ten rocks of crack cocaine. Id. at 559, 563, 608
 S.E.2d at 456, 458. When the officer discovered the drugs, the accused
 struggled, broke free, took the bag containing the drugs, and fled. Id. at 559, 608 S.E.2d at 456. The empty bag ultimately tested positive for crack
 cocaine residue. Id. At trial, the police officer testified dealers
 usually sell one bag completely before selling from another and that they carry
 a large number of rocks in a single bag. Id. at 559-60, 608 S.E.2d at
 456. He explained users only carry one rock and have "a distinct,
 unhealthy physical appearance." Id. at 560, 608 S.E.2d at 456. 
 The accused, he said, appeared in good health. Id. Finally, the
 accused only had $37 on his person. Id. at 565, 608 S.E.2d at 459.
The James court distinguished
 its facts from State v. Robinson, 344 S.C. 220, 222, 543 S.E.2d 249, 250
 (Ct. App. 2001), and State v. Cherry, 348 S.C. 281, 284, 559 S.E.2d 297,
 298 (Ct. App. 2001), aff'd in result, 361 S.C. 588, 606 S.E.2d 475
 (2004). James, 362 S.C. at 563-65, 608 S.E.2d at 458-59. It put weight
 on the fact there was no evidence of a drug transaction, as in Robinson,
 or large amounts of cash, as in Cherry. Id. at 564-65, 608
 S.E.2d at 459. Moreover, it found the police officer's testimony as to the
 amount of rocks speculative because they were never recovered. Id. at 565,
 608 S.E.2d at 459. Finally, the James court declined to consider the
 accused's appearance, reasoning "it could also have raised the inference
 that he was not a long-term user of crack cocaine." Id. 
 Accordingly, it held the State failed to present substantial circumstantial
 evidence the accused intended to distribute the drugs in his possession. Id.
Here, evidence
 exists showing Breda was found in an area of high drug activity, walking away
 from a residence known for its drug activity. A search incident to Breda's
 arrest for providing a false address revealed four individually-wrapped rocks
 of crack cocaine totaling a weight of 0.31 grams. He carried no drug
 paraphernalia and did not appear high, and no evidence was presented showing he
 had any money in his possession. Finally, Breda made several statements
 denying the substance was crack cocaine and also asked law enforcement why he,
 a white man, would be selling crack cocaine in a predominantly African-American
 neighborhood.
Considering James,
 we find the evidence presented by the State merely created a suspicion Breda
 intended to distribute the crack cocaine in his possession. The most
 significant circumstantial evidence presented by the State was Breda's
 possession of four individually-wrapped rocks of crack cocaine. However, the
 State failed to present evidence explaining why this evidence was especially
 significant. No witness testified that the possession of four rocks exceeded
 the quantity generally possessed by a mere user, evidence that was presented to
 the jury in James, in which the accused possessed eight to ten rocks. No
 witness testified the individual wrappings indicated the rocks had been
 prepared for distribution. Moreover, we find Breda's utterances to law
 enforcement are no more probative of guilt than was the flight of the accused
 in James. Accordingly, the decision of the circuit court is
REVERSED AND
 REMANDED.
WILLIAMS and
 LOCKEMY, JJ., and CURETON, A.J., concur.