**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rico Brown, Appellant.

Appellate Case No. 2011-189148

Appeal From York County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2013-UP-342
Heard December 11, 2012 – Filed August 28, 2013
Withdrawn, Substituted and Refiled September 25, 2013

**AFFIRMED**

Breen Richard Stevens and Benjamin John Tripp, both of
S.C. Commission on Indigent Defense, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Christina J. Catoe, all of Columbia, for
Respondent.

**PER CURIAM:** Rico Brown appeals his convictions on charges of criminal conspiracy and possession of tools used in commission of a crime. In addition to arguing that substantial circumstantial evidence of Brown's guilt was presented at trial, the State contends Brown's directed verdict motion did not preserve any issue for appeal and Brown's statements to the trial court after he was convicted warranted affirmance of his convictions without further review of the record.

We affirm Brown's convictions on their merits pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the charge of possession of tools used in commission of a crime: *State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996) (noting in the context of possession with intent to distribute narcotics that "'[a]ctual possession occurs when the drugs are found to be in the actual physical custody of the person charged with possession, while constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs are found'" (quoting *State v. Ellis*, 263 S.C. 12, 22, 207 S.E.2d 405, 413 (1974)); *id.* at 199-200, 470 S.E.2d at 854 ("Circumstantial evidence may be used to prove actual possession."); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) (stating a trial court should not refuse to direct a verdict "when the evidence merely raises a suspicion that the accused is guilty," but also emphasizing that "**a trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis**"); *State v. Puckett*, 237 S.C. 369, 379, 117 S.E.2d 369, 374 (1960) (acknowledging in a trial in which the charges against the defendants included possession of tools used in the commission of a crime that many of the tools found in the defendants' car "could be put to a lawful use," but holding "it is not reasonable to suppose that a person without criminal intent would be driving about with such an assorted [and] complete collection of tools and implements commonly used in burglary, larceny and safe cracking").

2.      As to the charge of criminal conspiracy: *Wyoming v. Houghton*, 526 U.S. 295, 304-05 (1999) ("[A] car passenger . . . will often be *engaged in a common enterprise* with driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." (emphasis added)); *State v. Odems*, 395 S.C. 582, 588, 590, 720 S.E.2d 48, 51, 52 (2011) (reversing convictions on conspiracy, first-degree burglary, and other charges and noting (1) the explanation by an alleged co-conspirator as to how the defendant ended up in a vehicle with the culprits even

though the defendant did not participate in the burglary, and (2) the absence of evidence placing the defendant at the scene of the burglary); *id.* at 591, 720 S.E.2d at 53 (acknowledging the State offered no direct evidence that the defendant committed criminal conspiracy or any of the other offenses with which he was charged, but further stating that "substantial circumstantial proof of Petitioner's involvement in one of the four offenses would prove Petitioner's involvement as to all offenses"); *State v. Wilson*, 315 S.C. 289, 294, 433 S.E.2d 864, 867-68 (1993) (recognizing that "overt acts committed in furtherance of the conspiracy are not elements of the crime," but further stating that "[t]he substantive crimes committed in furtherance of the conspiracy constitute circumstantial evidence of the existence of the conspiracy, its object, and scope").

3.      We also reject the State's arguments that Brown's convictions should be affirmed on either error preservation grounds or because of general expressions of remorse that Brown made in court after the verdicts were read.  As to error preservation: Rule 19(a), SCRCrimP ("On motion of the defendant or on its own motion, the court [in a criminal proceeding] shall direct a verdict in the defendant's favor on any offense charged in the indictment after the evidence on either side is closed, if there is a failure of competent evidence tending to prove the charge in the indictment."); *id.* (omitting the requirement in Rule 50(a), SCRCP, that "[a] motion for directed verdict shall state the specific grounds therefor" when such a directed verdict motion is made during a criminal proceeding); *State v. Brannon*, 388 S.C. 498, 502, 697 S.E.2d 593, 595-96 (2010) (stating "[e]rror preservation rules do not require a party to use the exact name of a legal doctrine in order to preserve an issue for appellate review" and requiring a litigant only "to fairly raise the issue to the trial court, thereby giving it an opportunity to rule on the issue" (citations omitted)); *State v. James*, 362 S.C. 557, 562-63, 608 S.E.2d 455, 457-58 (Ct. App. 2004) (holding that although the defendant did not use the term "substantial circumstantial evidence" in his directed verdict motion, he preserved this issue for appellate review by arguing there was insufficient evidence to support the elements of the charge against him); *id.* at 563, 608 S.E.2d at 458 (further noting it was apparent from the trial court's ruling on the defendant's directed verdict motion that the court understood the basis for the motion to be the lack of substantial circumstantial evidence).  As to Brown's admissions after the verdicts were read: *State v. Sroka*, 267 S.C. 664, 665, 230 S.E.2d 816, 817 (1976) (noting the defendant specifically admitted in open court after he was convicted "that he had participated in the robbery with a sawed-off shotgun"); *State v. Wiley*, 387 S.C. 490, 497, 692 S.E.2d 560, 564 (Ct. App. 2010) (noting the defendant proclaimed

his desire "to apologize to the Court for getting [himself] in *this* trouble" (emphasis added)).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**