**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William Jamell Thomas, Jr., Appellant.

Appellate Case No. 2013-001445

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2015-UP-301
Submitted June 1, 2015 – Filed June 24, 2015

**AFFIRMED**

Elizabeth Anne Franklin-Best, of Blume Norris & Franklin-Best, LLC, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

**PER CURIAM:** William Jamell Thomas, Jr. appeals his convictions of attempted murder and possession of a pistol by a person with a prior conviction for a crime of

violence. He argues the trial court erred by (1) charging the jury on attempted murder and denying his motion for a directed verdict because the trial court incorrectly charged attempted murder as a general intent crime, (2) admitting evidence of the prior physical altercations between Thomas and the victim, and (3) refusing to admit Coty Heneghan's testimony and Facebook messages, which denied Thomas his right to present a defense. We affirm.

1. We find Thomas failed to preserve the issue of whether the trial court erred in charging the jury on attempted murder. *See* Rule 20(b), SCRCrimP ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection."). We also find Thomas failed to preserve the issue of whether the trial court erred in denying his motion for a directed verdict. *See State v. James*, 362 S.C. 557, 562, 608 S.E.2d 455, 457 (Ct. App. 2004) (providing issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review).

2. We find the trial court did not err in admitting evidence of the September 6 fight. *See State v. Beam*, 336 S.C. 45, 53, 518 S.E.2d 297, 301 (Ct. App. 1999) ("A party may not complain of error caused by his own conduct."). Further, we find the trial court did not err in admitting evidence of the September 9 fight. *See State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only. We are bound by the trial court's factual findings unless they are clearly erroneous. This same standard of review applies to preliminary factual findings in determining the admissibility of certain evidence in criminal cases." (citations omitted)); *id*. at 6, 545 S.E.2d at 829 ("[W]e do not review a trial [court]'s ruling on the admissibility of other bad acts by determining *de novo* whether the evidence rises to the level of clear and convincing. If there is any evidence to support the admission of the bad act evidence, the trial [court]'s ruling will not be disturbed on appeal."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Plyler*, 275 S.C. 291, 296, 270 S.E.2d 126, 128 (1980) (holding evidence of a verbal altercation between the victim and the defendant that occurred three days prior to the victim's death was admissible to show the defendant's motive and "as a

circumstance bearing on the identity of the [defendant] as the perpetrator of the crime").

3. We find the trial court did not err in refusing to admit Heneghan's testimony. *See* Rule 404(b), SCRE (providing "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith").  Further, we find the trial court did not err in refusing to admit Heneghan's Facebook messages.  *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").  Finally, we find the trial court did not deny Thomas a right to present a defense.  *See State v. Hamilton*, 344 S.C. 344, 359, 543 S.E.2d 586, 594 (Ct. App. 2001) ("The right to present a defense is not unlimited, but must bow to accommodate other legitimate interests in the criminal trial process.  While defendants are entitled to a fair opportunity to present a defense, that right does not encompass the right to present any evidence, regardless of its admissibility under the rules of evidence." (citation and internal quotation marks omitted)), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.